### SIDDALL v. BREGY.

(Circuit Court, E. D. Pennsylvania. December 4, 1894.)

#### No. 3.

JURISDICTION—JUDICIAL DUTIES OF STATE JUDGE.

A circuit court of the United States has no authority to review the judgments of the state courts, and hold their judges responsible for failure to discharge their judicial duties.

This was an action by Theodore W. Siddall against the Honorable F. Amedee Bregy.

The plaintiff filed the following statement of claim, viz.:

"F. Amedee Bregy, the defendant, is one of the judges of the court of common pleas of the commonwealth for the county of Philadelphia, sworn to obey and administer the laws of the United States and of the commonwealth of Pennsylvania without fear or favor. His neglect or refusal to do so deprives the state of a republican form of government. He has denied, and now denies, to me, within his jurisdiction, the equal protection of the laws, alike of the commonwealth of Pennsylvania and of the United States, especially of clause 1 of the fourteenth article of the United States constitution. I bring this action to recover from him reparation in damages therefor in the sum of one hundred thousand dollars. In support of my claim I show that I obtained from the said court of common pleas a subpoena commanding one Mary Siddall to appear and show cause, if any she had, why a decree of nullity of a void marriage contract should not be entered of record, said suit being entitled 'Siddall vs. Siddall, Common Pleas No. 1, March Term, 1894, No. 5,' and I ask that the records of that suit be made part of this statement. Said subpoena was based upon a libel bearing the hand and seal of a magistrate and the signature of a judge as required by law, and placed in the custody of the prothonotary of the court.

"(1) In or about March, 1894, I exhibited to Judge Bregy, in court, affidavit and evidence that an asportation had been made of my libel from among

the archives of the court of common pleas, to my injury, the same being a felony at common law, and demanded process and remedy; whereupon the judge refused me the remedy for the wrong, and dismissed the case, thereby becoming an accessory to the larceny of the records of his own court, to my own special wrong and injury.

"(2) And, further, I did then and there exhibit to Judge Bregy affidavit and evidence that the prothonotary and others had published copies of my said libel, or preliminary proceeding, together with defamatory comments, to my aggrievance, the same being a contempt of court, indictable under the laws of the commonwealth at my instance and demand. The prothonotary and others came into court, and made affidavit that my allegations were true; whereupon I demanded process and remedy, which said Judge Bregy refused, and dismissed the case, thereby becoming an accessory to contempt of his own court, to my special wrong and injury.

"(3) And, further, I did then and there submit affidavit and evidence that the prothonotary and others had published criminal libel upon me, and I demanded process and remedy; whereupon the judge refused me remedy for the wrong, and dismissed the case, thereby becoming an accessory to the escape of the wrongdoers, to my especial wrong and injury.

"(4) And, further, I did then and there submit affidavit and evidence to Judge Bregy that the prothonotary had allowed, aided, and abetted parties other than parties to the suit, without an order of the court, in direct disobedience of an order of court and of an act of assembly, to inspect, copy, and carry off my libel out of his official custody. and I demanded process and remedy, which the judge wrongfully refused, and allowed the wrongdoers to escape, to my special wrong and injury.

"(5) And, further, said Judge Bregy did then and there override the acts of assembly, and make law and practice in this wise: He ordered and directed the prothonotary to place among the records of the court in Siddall v. Siddall a paper which did not, and does not, bear the hand and seal of a magistrate nor the signature of a judge, and to pretend that it was a good and lawful libel in divorce. He did this upon the motion of one of the parties whom he was required by his oath of office to hold to answer for the crimes, contempts, and misdemeanors above set forth, with the intention of shielding the prothonotary and his confederates, and of hindering and delaying me. He did it against my objection and protest, and notwithstanding my offer to produce a duplicate original, which should conform to the requirements of the law, when and as soon as the offenders were indicted and convicted. Moreover, none of the parties to the said suit asked for the order. It was made upon the motion of an impertinent intermeddler.

"(6) Notwithstanding that it was clearly and fully disclosed by the libel, the answer, and the affidavits that the nullity of the marriage contract had been established judicially before a tribunal selected by the commonwealth itself and by the respondent, Judge Bregy unlawfully made absolute a rule upon me to pay a counsel fee for the respondent in Siddall vs. Siddall.

"(7) And I charge it was a further invasion of my rights and of the jurisdiction of the court of quarter sessions for Judge Bregy to impose upon me the payment of money for the benefit of respondent in Siddall vs. Siddall; it being shown that the court of quarter sessions had passed upon the question, and ordered an ample allowance, which was more than paid up in full.

"(8) And further, in her answer and in her affidavit to support the rule for alimony and counsel fee, respondent charges upon oath that her allowance was in arrears. The charge was shown by the receipts of the guardians of the poor, and by her own affidavit on cross-examination, to be absolutely untrue and malicious. Nevertheless, for the purpose of hindering and delaying me, Judge Bregy imposed upon me the payment of thirty-five dollars, declaring from the bench that I had brought the suit, and must pay for it. I charge that it was the bounden duty of Judge Bregy to then and there award me a decree of nullity, and to hold respondent for her perjury; that his not doing so was and is a denial of my rights as a citizen of the United States.

"(9) I charge that the above acts of omission and commission upon the part of Judge Bregy are, in law and in fact, a conspiracy with the respondent

and others to violate the provisions of the state and national law, and especially the provisions of the first clause of article fourteen of the constitution of the United States, to my injury, oppression, threatening, and intimidation;.that he is violating his oath of office, and using his office to abridge the privileges and immunities to which I am of right entitled as a citizen of the United States; and that he denies me the equal protection of the laws within his jurisdiction.

"[Affidavit.]                                    Theodore W. Siddall, Plaintiff."

To this statement the defendant filed a demurrer, assigning the following reasons, among others: The statement is vague, uncertain, and indefinite. The plaintiff refers to the alleged records of a suit in a state court without setting the same forth. None of the counts in said statement discloses any legal liability on the part of the defendant.

Theo. W. Siddall, in pro. per.

George S. Graham and F. Carroll Brewster, in support of demurrer.

Judges of courts of record are not liable for their judicial acts (Bradley v. Fisher, 13 Wall. 335; Scott v. Stansfield, L. R. 3 Exch. 220; Calder v. Halket. 3 Moore, P. C. 28), even if they exceed their jurisdiction (Lange v. Benedict, 73 N. Y. 12; Yates v. Lansing, 6 Am. Dec. 290; Stewart v. Cooley, 23 Am. Rep. 690). The statement shows on its face that the acts complained of were performed by defendant in a judicial capacity, in an action over which he had jurisdiction.

DALLAS, Circuit Judge. The statement of claim in this case does not set forth a cause of action of which this court can take cognizance. The substance of the matters averred is that the defendant, by acts done or omitted by him in the exercise of his office as one of the judges of a court of the state of Pennsylvania, has caused damage to the plaintiff, who was a suitor before him; but this tribunal has no authority to review the judgments of the state courts, and hold their judges responsible for failure to correctly discharge their judicial duties. Judgment for defendant on the demurrer.